Defendant Sharon E. Misorski appeals a judgment of the Municipal Court of Alliance, Stark County, Ohio, which convicted and sentenced her for one count of driving under the influence of alcohol in violation of Alliance City Ordinance 333.01 (A)(1), failure to yield in violation of Alliance City Ordinance 331.17, and failure to wear a seat belt in violation of R.C. 4513.263, after she changed her plea from not guilty to no contest. Appellant assigns two errors to the trial court:
ASSIGNMENT OF ERRORS
 I. THE COURT ERRED AS A MATTER OF LAW IN RULING ON DEFENDANT-APPELLANT'S MOTION TO SUPPRESS AFTER HEARING WHERE;
 A. THE COURT GRANTED THE REQUEST TO SUPPRESS THE RESULTS OF THE BLOOD ALCOHOL TEST ON THE BASIS OF THE POLICE OFFICER'S NON-COMPLIANCE WITH THE REQUIREMENTS OF BMV FORM 2255 AND ON THE BASIS OF THIS COURT'S DECISION IN STATE V. LAWLESS, CASE NO. 23-CA-89 AND;
 B. DENIED THE REMAINING BRANCHES OF DEFENDANT-APPELLANT'S MOTION TO SUPPRESS A CUSTODIAL STATEMENT WHERE THE STATE FAILED TO ESTABLISH BY THE PROPER DEGREE OF EVIDENCE THAT DEFENDANT-APPELLANT MADE A KNOWING AND INTELLIGENT WAIVER OF HER RIGHTS UNDER MIRANDA AND;
 C. DENIED SUPPRESSION OF ALL REMAINING EVIDENCE WHERE THE ARREST AND CITATION UNDER ALLIANCE CITY ORDINANCE 333.01 WAS MADE WHEN THE POLICE OFFICER ACTED "OUTSIDE THE CITY LIMITS" OF THE CITY OF ALLIANCE AND IN MAKING THE EXTRA TERRITORIAL ARREST ACTED IN VIOLATION OF O.R.C. 2935.03 WHILE NOT IN THE SCOPE OF THE "ROLLING VENUE" EXCEPTION TO THAT STATUTE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHERE AFTER FINDING AS A MATTER OF FACT THAT THE OFFICER'S NON-COMPLIANCE WITH BMV FORM 2255 MAY HAVE TAINTED THE ISSUE OF THE STOP AND PROBABLE CAUSE DID NOT EXCLUDE ALL EVIDENCE INCLUDING DERIVATIVE EVIDENCE WHICH WAS THE INDIRECT PRODUCT OF UNLAWFUL POLICE CONDUCT AS SET FORTH IN OHIO V. CARTER, ET AL, 69 OHIO ST. 3D 57 (1994).
The record indicates on September 12, 1998, appellant was involved in a two-car accident at the intersection of West State Street and Oak Hill Avenue. The Alliance Police Department responded. Patrolman Todd Aderholt found appellant seated in her vehicle. Appellant indicated she was all right, although she had a bruise on her forehead. Patrolman Aderholt testified appellant had difficulties standing, had an odor of alcoholic beverages coming from her person, exhibited slurred speech and had red glassy eyes. The officer asked appellant if she had been drinking, and appellant responded she had consumed four, five, six, or seven beers. Officer Aderholt arrested appellant, advised her of her constitutional rights, and eventually had her transported to the hospital in an EMS unit.
At the hearing on the motion to suppress evidence, appellant presented an affidavit which alleged she had suffered a closed head injury in the accident on September 12, 1998, and had no full recollection of speaking to the officers of the Alliance Police Department. Appellant alleged she did not recall whether she had been advised of her constitutional rights nor did she remember whether she waived such rights. Appellant also presented a report of a neurological examination done by Dr. Jay Burke, which found appellant had suffered a concussion in the accident.
On December 30, 1998, the trial court filed its ruling on the motion to suppress, which notes appellant sought suppression of the coordination test, her blood test, statements made, and the observations and opinions of the police officers. The trial court found no coordination tests were given, but ruled the blood test was inadmissable because of the failure of the State to lay a proper foundation for its admission. The trial court refused to suppress appellant's statements to the officer regarding her alcohol consumption, finding the appellant was not in custody at the time she made the statement. The trial court found there was no issue as to probable cause to stop, because the police officers did not stop appellant's car. The court found the fact that appellant's speech was slurred, her eyes were red and glassy, she had trouble with her balance, and had an obvious odor of alcohol beverage on her breath, coupled with the fact she was involved in an accident and was found alone in the vehicle, in the driver's seat, gave the arresting officer sufficient probable cause to arrest her for DUI. The court conceded her neurological condition could account for some of the impairment the officer observed at the scene of the accident. The trial court also found although the accident was clearly outside the city limits signs, it was nevertheless within the area annexed to the City of Alliance.
 I
Appellant challenges the court's ruling on the motion to suppress for two reasons. First, appellant asserts the court should have suppressed her statements because the State could not establish she had made a knowing and intelligent waiver of her rights under the United States and Ohio Constitutions.
The State responds appellant's statement she had been drinking from four to seven beers were non-custodial, as the court found, because appellant had not been placed under arrest and advised of her Miranda rights. The State also urges in the alternative, appellant indicated she understood her rights, was cooperative, and answered all the investigating officers' questions correctly, including recalling her husband's telephone number.
We have reviewed the record, and we agree with the trial court the statement was noncustodial, and thus does not fall within purview of Miranda.
Appellant also argues the court should have suppressed all the remaining evidence because the accident occurred outside the city limits of the City of Alliance, and was not within the scope of the "rolling venue" exception. The trial court found as a matter of fact the accident had occurred within the city limits of Alliance, regardless of the placement of the city limit sign. Appellant takes exception with the evidence the State presented to demonstrate the accident occurred on property annexed to the city. Appellant argues the State's exhibit "C", which the court relied upon, was not certified in accord with Evid. R. 902 and 1005.
We find this matter would have more appropriately been raised in a motion to dismiss, for lack of jurisdiction. Regardless, however, the court found the accident occurred within the boundaries of the City of Alliance. The court reviewed the State's exhibit "C", and the testimony of the arresting officer regarding precisely where the accident occurred.
Our review of the record leads us to conclude the trial court's finding the accident occurred within the City of Alliance was supported by sufficient competent and credible evidence, see State v. DeHass (1967), 10 Ohio St.2d 230. The first assignment of error is overruled.
 II
In her second assignment of error, appellant urges the court was correct in excluding the results of the blood test, but incorrect when it found the non-custodial statements and the officer's opinion based on her demeanor at the accident were admissible. Appellant urges this evidence was derivative, and thus tainted as products of unlawful police conduct.
We agree the trial court correctly excluded the results of the blood test for failure to comply with testing procedures, and for irregularities in the BMV form 2255. However, the officer's observations, and his conclusion appellant was under the influence of alcohol, are not evidence derived from the blood tests. Neither was appellant's statement regarding her alcohol consumption, made prior to the blood test. As the State correctly points out, all the mistakes the State made had to do with admissibility of the blood test, and did not affect the evidence the court ruled admissible. In fact, it appears the blood test evidence was the last item gathered, and the earlier evidence was not the fruits of the improperly administered test.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Alliance, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Alliance, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution. Costs to appellant.
---------------------------
---------------------------
 --------------------------- JUDGES